IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUMBERTO FERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> GF MACHINING SOLUTIONS, LLC <br><br> Defendant. | Case No. |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant GF Machining Solutions, LLC ("Defendant" or "GF Machining") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Law Division, to the United States District Court for the Northern District of Illinois. Removal of this action is proper based upon the existence of both federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332, 1441. In support of its Notice of Removal, GF Machining respectfully states as follows:

1. On August 6, 2021, Plaintiff Humberto Fernandez, ("Fernandez" or "Plaintiff") filed a lawsuit in the Circuit Court of Cook County, Illinois, Law Division, entitled *Humberto Fernandez v. GF Machining Solutions, LLC.*, Case No. 2021 L 007949. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff's Complaint contains four counts, alleging age discrimination in violation of the Illinois Human Rights Act ("IHRA") (Count I); national origin discrimination in violation of the IHRA (Count II); age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (Count III); and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count IV).

3. Upon information and belief, no further proceedings have been held in the Circuit Court of Cook County. Because the Circuit Court of Cook County lies within this district, the proper forum for removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(a) is the United States District Court for the Northern District of Illinois.

4. Plaintiff served the Summons and Complaint on GF Machining on August 20, 2021. True and correct copies of the Summons and Complaint served on GF Machining are attached as Exhibit B. This was GF Machining's first formal notice of the action. No other processes, pleadings, or orders have been served on GF Machining in this matter.

5. In accordance with the requirements of 28 U.S.C. § 1446, which sets the deadline for filing a notice of removal thirty (30) days after service of Summons and Complaint, this Notice of Removal is timely filed as it is filed within 30 days of service of the Summons and Complaint on August 20, 2021.

6. Removal of this action to this Court is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1441.

7. First, the Court has federal question jurisdiction over this matter because it is a civil action arising under the laws of the United States. *See* 28 U.S.C. § 1331. Plaintiff brings two counts under federal law – an age discrimination claim under the ADEA and a national origin discrimination claim under Title VII. Plaintiff expressly cites to these federal statutes in his Complaint, and removal therefore is proper pursuant to 28 U.S.C. § 1441(a).

8. Moreover, the two discrimination claims brought under the IHRA derive from the same set of operative facts as his federal ADEA and Title VII claims. Plaintiff's use of identical factual allegations to support both his federal discrimination claims and his state law discrimination claims demonstrates an expectation that all of his claims will be considered in a

single lawsuit. Therefore the claims are so related that they are form part of the same case or controversy, and this Court should exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367.

9. Second, the Court has jurisdiction based on diversity of citizenship. Diversity of citizenship exists between Plaintiff and GF Machining. Plaintiff alleges that "at all relevant times" he was a resident of Maywood, Cook County, Illinois. Complaint ¶ 2. The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). GF Machining is a limited liability company organized under the laws of the State of New York; its sole member is Georg Fischer Corporation. *See* Declaration of Gregg Denig, attached as Exhibit C at ¶ 4. Georg Fischer Corporation is a Delaware corporation whose principal place of business is in the State of California. *Id.* at ¶ 5; *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 175 L. Ed. 2d 1029, 2010 U.S. LEXIS 1897, *28-29 (Feb. 23, 2010) (confirming that a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's activities). Accordingly, GF Machining is not a citizen of Illinois and there is diversity of citizenship between Plaintiff and GF Machining.

10. Further, it is more likely than not that the amount in controversy in this case exceeds $75,000.[1] GF Machining must only demonstrate by "a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional amount. *See Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006). GF Machining is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, 2007 U.S. Dist. LEXIS 21135 at *6 (N.D. Ill. March 26, 2007). Indeed, where a plaintiff provides little information

---

[1] While GF Machining vehemently denies that Plaintiff is entitled to any damages, the face of the Complaint and GF Machining's records confirm that the amount in controversy exceeds $75,000.

regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511. Once GF Machining has satisfied this burden, Plaintiff may defeat federal jurisdiction "only if it appears to a ***legal certainty*** that the claim is really for less than the jurisdictional amount." *Id*. (emphasis added); *see also Spivey v. Vertrue, Inc*., 528 F. 3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

In his Complaint, Plaintiff explicitly demands judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00) *plus* attorney's fees and costs. *See* Complaint. In each prayer for relief, Plaintiff seeks actual and punitive damages including "lost wages, incidental damages, pain and suffering in the form of emotional distress, anxiety, embarrassment, and humiliation, and attorneys' fees and costs." *Id*. Plaintiff does not estimate the amount of lost wages or compensatory and punitive damages, but the ADEA provides for liquidated damages in an amount equal to the amount of lost pay and benefits for a "willful" violation and Title VII provides for compensatory damages up to a capped amount of $300,000 for an employer of GF Machining's size. Thus, based upon his pleadings, it does not appear to a legal certainty that Plaintiff seeks $75,000 or less.

GF Machining's records also demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. Plaintiff claims that he was terminated on April 8, 2020. At the time of his termination, Plaintiff received compensation of $17.00 per hour. Denig Declaration at ¶ 6. Plaintiff's termination was over seventeen (17) months ago, resulting in potential back pay damages to date of over $50,000 ($17.00 per hour x 40 hours per week x 75

4

weeks). *Id*. at ¶ 6. Of course, this amount will continue to increase as this litigation proceeds. This back pay amount also does not include potential compensatory damages, punitive damages, and attorney's fees, which further solidify that the amount in controversy has been met. *See, e.g., Hoidas v. Wal-Mart Stores, Inc*., 2010 U.S. Dist. LEXIS 43558 at *7-8 (N.D. Ill. April 30, 2010) (amount in controversy satisfied where plaintiff alleged that she sought more than $50,000 and alleged damages for medical expenses and pain and suffering); *see also LM Ins. Corp v. Spaulding Enters. Inc*., 533 F.3d 542, 551 (7th Cir. 2008) (courts may rely on punitive damages to satisfy the amount in controversy where they are recoverable under state law); 775 ILCS 5/10-102(C)(1) (providing for potential recovery of punitive damages).

11. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as <u>Exhibit D</u> is a copy of the Notice to Clerk of Circuit Court of Cook County of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

12. Attached as <u>Exhibit E</u> is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on the following individuals, as required by 28 U.S.C. § 1446(d): Richard R. Gordon, Tod Rottman, Kevin A. Murphy, Gordon Law Offices, Ltd., 111 West Washington, Suite 1240, Chicago, IL 60602.

13. GF Machining files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant GF Machining Solutions, LLC requests that this action, pending in the Circuit Court of Cook County, be removed to the United States District Court for the Northern District of Illinois.

Dated: September 17, 2021

Respectfully submitted,

**GF MACHINING SOLUTIONS, LLC**

By: */s/ Todd M. Church*
      One of its Attorneys

Todd M. Church
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
*tchurch@littler.com*
T: 312.372.5520
F: 312.372.7880

## **CERTIFICATE OF SERVICE**

I, Todd M. Church, an attorney, hereby certify that, on September 17, 2021 a copy of the foregoing Notice of Removal was served on the attorneys of record below by electronic mail and via hand delivery by messenger service before 5:00 p.m.:

Richard R. Gordon
Tod Rottman
Kevin A. Murphy
Gordon Law Offices, Ltd.
111 West Washington, Suite 1240
Chicago, IL 60602


/s/ *Todd M. Church*
Todd M. Church

4852-0215-5771.1 / 108334-1005